IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | |
|---|---|
| AMANDA MORENO, D.O., | LAW NO. 4:23-cv-00121-SHL-SBJ |
| Plaintiff, | |
| vs. | **DEFENDANTS MAHASKA HEALTH PARTNERSHIP; KEVIN DERONDE; DAVID CORNELDER; TIMOTHY BREON; DAVID LANGKAMP; AMBER COFFEY; AND GREG GORDY'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND** |
| MAHASKA HEALTH PARTNERSHIP; MAHASKA COUNTY, IOWA; KEVIN DERONDE; DAVID CORNELDER; TIMOTHY BREON; DAVID LANGKAMP; AMBER COFFEY; GREG GORDY; and MARSHA RIORDAN, | |
| Defendants. | |

**COME NOW** Defendants Mahaska Health Partnership, Kevin DeRonde, David Cornelder, Timothy Breon, David Langkamp, Amber Coffey and Greg Gordy and for their Answer to Plaintiff's Petition at Law, Affirmative Defenses and Jury Demand, state:

## INTRODUCTION

1. Defendants deny the adverse allegations contained in Paragraph 1 but admit the Petition is an action pled under the Iowa Civil Rights Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. 1983.

2. Defendants admit the law speaks for itself, including the ICRA and Title VII. Remaining adverse allegations, if any, are denied.

## PROCEDURAL REQUIREMENTS

3. Defendants deny the allegations contained in Paragraph 3 including as to all assertions of discrimination and retaliation. Defendants admit that filing occurred, and the timing of the filing speaks for itself.

4. Defendants deny the allegations contained in Paragraph 4 as to any assertions of discrimination or retaliation. Defendants admit a right to sue letter(s) was issued and the timing of the right to sue letter(s) speak(s) for itself.

5. Defendants deny the allegations contained in Paragraph 5 as to any assertions of discrimination or retaliation. Defendants admit a right to sue letter(s) was issued and the timing of the right to sue letter(s) speak(s) for itself.

6. Defendants deny the allegations contained in Paragraph 6.

7. Defendants deny the allegations contained in Paragraph 7 as to any assertions of discrimination or retaliation. Defendants admit a right to sue letter(s) was issued and the timing of the right to sue letter(s) speak(s) for itself.

8. Defendants deny the allegations contained in Paragraph 8 as to any assertions of discrimination or retaliation. Defendants admit a right to sue letter(s) was issued and the timing of the right to sue letter(s) speak(s) for itself.

## JURISDICTION AND VENUE

9. Defendants deny the allegations contained in Paragraph 9 as they deny Plaintiff has stated a claim upon which relief can be granted. Subject to and without waiving said objections, Defendants do not contest jurisdiction at this time.

10. Defendants deny the allegations contained in Paragraph 10 as they deny the events and omissions as alleged by Plaintiff. Subject to and without waiving said objections, Defendants do not contest venue at this time.

11. Defendants deny the allegations contained in Paragraph 11.

## PARTIES

12. Defendants deny the allegations contained in Paragraph 12 including for lack of information and belief at this time.

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants admit Dr. David Cornelder is a physician practicing at MHP in emergency room medicine. Remaining allegations of Paragraph 14 are denied including for lack of information and belief at this time.

15. Defendants admit Defendant Timothy Breon, M.D. was/is a citizen and resident of Mahaska County, Iowa and the Chief Medical Officer of Defendant MHP. Remaining allegations of Paragraph 15 are denied including for lack of information and belief at this time.

16. Defendants admit Defendant Kevin DeRonde was a citizen and resident of Mahaska County, Iowa and the Chief Executive Officer of Defendant MHP. Remaining allegations of Paragraph 16 are denied including for lack of information and belief at this time.

17. Defendants admit Defendant David Langkamp was/is a citizen and resident of Mahaska County, Iowa and served as the President of the Mahaska Health Board of

Trustees. Remaining allegations of Paragraph 17 are denied including for lack of information and belief at this time.

  18. Defendants admit Defendant Amber Coffey was/is a citizen and resident of Mahaska County, Iowa and served as a Board Member of the Mahaska Health Board of Trustees. Remaining allegations of Paragraph 18 are denied including for lack of information and belief at this time.

  19. Defendants admit Defendant Greg Gordy was/is a citizen and resident of Mahaska County, Iowa and served as a Board Member of the Mahaska Health Board of Trustees. Remaining allegations of Paragraph 19 are denied including for lack of information and belief at this time.

  20. Defendants admit Defendant Marsha Riordan was/is a citizen and resident of Mahaska County, Iowa and served as the Vice-President of the Mahaska Health Board of Trustees. Remaining allegations of Paragraph 20 are denied including for lack of information and belief at this time.

  21. Defendants deny the allegations contained in Paragraph 21.

  22. Defendants deny the allegations contained in Paragraph 22.

## FACTUAL BACKGROUND

  23. Defendants admit the allegations contained in Paragraph 23.

  24. Defendants admit the allegations contained in Paragraph 24.

  25. Defendants deny the allegations contained in Paragraph 25.

  26. Defendants admit the allegations contained in Paragraph 26.

  27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28 including as incomplete.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30 as vague and incomplete.

31. Defendants deny the allegations contained in Paragraph 31 for present want of information and belief.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants admit generally the allegations contained in Paragraph 33 but state it is an incomplete summary of the department.

34. Defendants deny the allegations contained in Paragraph 34 at this time for lack of complete information specifically as to the received date of notice.

35. Defendants admit the intent to retire and deny the remaining allegations contained in Paragraph 35.

36. Defendants admit Dr. Cornelder did not receive a termination notice. Remaining adverse allegations of Paragraph 36 are denied.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38 for lack of information and belief at this time.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43 including for lack of information and belief at this time.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants admit support for DeRonde but deny the remaining allegations contained in Paragraph 49.

50. Defendants admit resignation but deny the remaining allegations contained in Paragraph 50 as phrased.

51. Defendants admit the allegations of Paragraph 51 only to the extent that the letter speaks for itself. Remaining allegations are denied.

52. Defendants admit the allegations of Paragraph 52 only to the extent that the letter speaks for itself. Remaining allegations are denied.

53. Defendants admit the allegations of Paragraph 53 only to the extent that the letter speaks for itself. Remaining allegations are denied.

54. Defendants admit the allegations of Paragraph 54 only to the extent that the letter speaks for itself. Remaining allegations are denied.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

### COUNT I – DISCRIMINATION ON THE BASIS OF SEX AND RELIGION AND RETATALIATION IN VIOLATION OF IOWA CODE CHAPTER 216 AGAINST ALL DEFENDANTS

65. Defendants reincorporate their answers as stated in Paragraphs 1-64 as if fully set forth herein.

66. Defendants admit Dr. Moreno is a female but deny the remaining allegations contained in Paragraph 66 for lack of information.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

75. Defendants deny the allegations contained in Paragraph 75, including Subparagraphs a through f.

**WHEREFORE,** these Defendants respectfully request Plaintiff's Petition be dismissed in its entirety with costs assessed to Plaintiff, that Plaintiff's requests for relief be denied, and that the Court award such further relief to Defendants deemed just and appropriate.

### COUNT II – SEX AND RELIGION DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST ALL DEFENDANTS

76. Defendants reincorporate their answers as stated in Paragraphs 1-64 [sic] as if fully set forth herein.

77. Defendants admit only that the law speaks for itself, including Section 703(a) of Title VII of the Civil Rights Act of 1964. Remaining allegations are denied as an incomplete statement of the law.

78. Defendants deny the allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants admit only that the law speaks for itself, including Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended. Remaining allegations are denied as an incomplete statement of the law.

81. Defendants deny the allegations contained in Paragraph 81.

82. Defendants deny the allegations contained in Paragraph 82.

83. Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84.

85. Defendants deny the allegations contained in Paragraph 85.

**WHEREFORE,** these Defendants respectfully request Plaintiff's Petition be dismissed in its entirety with costs assessed to Plaintiff, that Plaintiff's requests for relief be denied, and that the Court award such further relief to Defendants deemed just and appropriate.

### COUNT III – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION AGAINST ALL DEFENDANTS

86. Defendants reincorporate their answers as stated in Paragraphs 1-64 [sic] as if fully set forth herein.

87. Defendants deny the allegations contained in Paragraph 87.

88. Defendants deny the allegations contained in Paragraph 88.

89. Defendants deny the allegations contained in Paragraph 89.

90. Defendants deny the allegations contained in Paragraph 90.

91. Defendants deny the allegations contained in Paragraph 91, including Subparagraphs a through f.

**WHEREFORE,** these Defendants respectfully request Plaintiff's Petition be dismissed in its entirety with costs assessed to Plaintiff, that Plaintiff's requests for relief be denied, and that the Court award such further relief to Defendants deemed just and appropriate.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Petition fails to state a claim upon which relief can be granted against Defendants.

2. Plaintiff may have failed to exhaust administrative remedies and/or reporting requirements and/or notice provisions or comply with statutory and procedural requirements of the laws under which she sued. Her claims and causes of action against all Defendants are limited by her duty to exhaust administrative remedies.

3. Defendants acted at all times reasonably, in good faith, based upon legitimate non-discriminatory reasons, for legitimate business purposes, and/or a reasonable interpretation or understanding of law and facts. Defendants state they would have made the same decisions as to Plaintiff and her employment regardless of any protected characteristic of Plaintiff.

4. Defendants are immune from liability under Iowa Code 670 including Section 670.4A. Defendant pleads all applicable paragraphs of Chapter 670 and Section 670.4A et seq. that shield Defendants from liability.

5. If Plaintiff was damaged as alleged in Plaintiff's Petition, which Defendants specifically deny, Plaintiff may have failed to mitigate damages and, therefore, any recovery by Plaintiff should not include any loss which could have been prevented by reasonable care and diligence exercised after the alleged loss referred to in Plaintiff's Petition.

6. If Plaintiff was damaged as alleged in Plaintiff's Petition, which Defendants specifically deny, Defendants allege that Plaintiff's injuries and damages may have been caused by forces, acts, omissions, events, pre-existing conditions, or causes outside the control of these Defendants.

7. These Defendants affirmatively state that Plaintiff's claimed injury and damages were caused in whole or part, by the conduct of other parties, persons, or entities over which these Defendants had no control.

8. Punitive damages are not recoverable in this action against the Defendants.

9. Defendants are not vicariously liable for the conduct of any actor taken outside the scope of employment.

10. Defendants reserve the right to raise additional defenses as may become available or appear through investigation or during the course of discovery.

## JURY DEMAND

**COME NOW** Defendants hereby request a trial by jury on all issues triable by jury and presented in the above-captioned matter.

*/s/ Wallace*
_____
Stacie M. Codr, AT0001502
Abigail L. Wallace, AT0012801
FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
Telephone: (515) 288-0145
Fax: (515) 288-2724
scodr@finleylaw.com
awallace@finleylaw.com
cc: fdavis@finleylaw.com
**ATTORNEYS FOR DEFENDANTS MAHASKA HEALTH PARTNERSHIP; KEVIN DERONDE; DAVID CORNELDER; TIMOTHY BREON; DAVID LANGKAMP; AMBER COFFEY; AND GREG GORDY**

Original filed.

Copy to:

Roxanne Conlin
Devin Kelly
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
Phone: (515) 283-1111
Fax: (515) 282-0477
roxanne@roxanneconlinlaw.com
dkelly@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com
ATTORNEYS FOR COMPLAINANT

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on July 31, 2023 by **EDMS**.

/s/ Abigail Wallace