IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | |
|---|---|
| AMANDA MORENO, D.O., | ) LAW NO. 4:23-cv-00121-SHL-SBJ |
| Plaintiff, | ) |
| vs. | ) **DEFENDANTS MAHASKA HEALTH** |
| MAHASKA HEALTH PARTNERSHIP and KEVIN DERONDE, | ) **PARTNERSHIP AND KEVIN DERONDE'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) |

**COME NOW** Defendants, Mahaska Health Partnership and Kevin DeRonde, pursuant to Fed. R. Civ. P. 56, and hereby move the Court for an Order granting Summary Judgment on Plaintiff's Claims. Defendants' Motion for Summary Judgment is based on the following grounds:

### INTRODUCTION

1. This case arises out of Defendants' decision not to renew the employment agreement of Plaintiff Dr. Amanda Moreno.

2. Plaintiff claims Defendants discriminated against her on the basis of her gender and her religion (atheist) and retaliated against her.

3. Plaintiff is unable to generate a genuine issue of material fact with respect to her claims of discrimination and retaliation.

4. For the reasons set forth in Defendants' Brief in Support of Summary Judgment and Statement of Undisputed Facts, there are no genuine issues of material fact and thus Defendants are entitled to judgment as a matter of law.

**ARGUMENT**

I. **Count I: Plaintiff's Claims of Discrimination and Retaliation Fail Under the Iowa Civil Rights Act**

<u>Plaintiff Cannot Establish a Claim for Discrimination on the Basis of Sex</u>

5. Plaintiff lacks any evidence, whatsoever, to support her sex discrimination other than the mere fact that two other female physicians, who ultimately remained employed by Defendant MHP, were also initially selected to have their contracts not renewed.

6. Plaintiff is unable to establish a *prima facie* claim for sex discrimination as she cannot establish that the decision to not renew her contract gives rise to an inference of discrimination on the basis of sex. *Feeback v. Swift Pork Company*. 988 N.W.2d 340, 347 (Iowa 2023); *Godfrey v. State,* 962 N.W.2d 84, 102 (Iowa 2021).

7. Plaintiff's unsupported speculation that any action taken with respect to those physicians' contracts was on the basis of their sex is insufficient to raise a jury question. *Id. Feeback,* 988 N.W.2d at 352 (citing *Godfrey v. State*, 962 N.W.2d 84, 106 (Iowa 2021) ("Godfrey's personal, conclusory beliefs are insufficient as a matter of law to generate a fact question for the jury."); *see also Hausler v. Gen. Elec. Co.,* 134 F. App'x 890, 894 (6th Cir. 2005) (agreeing with the district court that evidence supervisor "disproportionately disciplined [three] older workers ... was insufficient to create an issue of fact as to pretext because the statistical sample was too small and because the majority of employees under [his] supervision were over forty years old"); *McIntosh v. Country Club of Little Rock,* No. 4:17-cv-757-DPM, 2019 WL 2618145, at *1 (E.D. Ark. June 26, 2019) (granting motion for summary judgment and stating that although plaintiff pointed out the Country Club fired four other older employees, "there's no evidence that these employees were fired because of their age"); *Prochaska v. Color-Box, L.L.C.,* No. C04-1009-LRR, 2005 WL 1410846, at *12 (N.D. Iowa June 1, 2005) (granting summary

judgment on age discrimination claim and rejecting argument that plaintiff's list of other older employees who were terminated created fact question on pretext when he admitted he lacked firsthand knowledge about the reasons for their adverse employment decisions).

<u>Plaintiff Cannot Establish a Claim for Discrimination on the Basis of Religion</u>

8. Similarly, Plaintiff cannot establish a viable claim for discrimination on the basis of religion under the Iowa Civil Rights Act.

9. Plaintiff alleges she is an atheist but lacks any evidence demonstrating Mr. DeRonde knew she was an atheist at the time he made the decision not to renew her contract.

10. Absent proof of such knowledge, her claims fail. *See Godfrey*, 962 N.W.2d at 102.

<u>Defendants had Legitimate Bases for Not Renewing Plaintiff's Contract</u>

11. Defendants have readily identified and provided legitimate business reasons for why Plaintiff's contract was not renewed.

12. Plaintiff's contract was not renewed based on her personal performance and the performance of the emergency room, as a department. *See* Defendants' SOF ¶¶ 15-22.

13. Defendants exercised their contractual right to not renew Plaintiff's contract. SOF ¶ 7.

<u>Plaintiff Cannot Establish Pretext</u>

14. Plaintiff must present evidence to show that Defendants' stated reasons for her termination were "not the true reason," but rather a "pretext for discrimination." *Carter v. Atrium Hosp.*, 997 F.3d 803, 810 (8th Cir. 2021)( citing *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1056 (8th Cir. 1997); *see also Hedlund v. State*, 930 N.W.2d 707, 720 (Iowa 2019), as amended (Sept. 10, 2019); *Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1, 6–7 (Iowa 2009) (holding the plaintiff must show the employer's reason was pretextual and that unlawful discrimination was the real reason

for the termination); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) ("That is, the plaintiff's [protected characteristic] must have 'actually played a role in [the employer's decision making] process and had a determinative influence on the outcome.'" (alterations in original). The showing of pretext necessary to survive summary judgment requires more than merely discrediting the employer's proffered reason for the adverse employment decision. *Main v. Ozark Health, Inc.*, 959 F.3d 319, 325 (8th Cir. 2020).

15. The Iowa Supreme Court in *Feeback* adopted and applied the "honest belief rule". 988 N.W.2d at 344. This rule acknowledges that "courts do not sit as a super-personnel department that reexamines an entity's business decisions." *Main*, 959 F.3d at 325

16. Pretext is not established "simply by showing that the employer's 'honest' belief was erroneous, unwise, or even unfair." *Id.*

17. Plaintiff has no evidence or testimony to support that DeRonde made the decision to not-renew her contract on the basis of any consideration, let alone an impermissible one, other than Plaintiff's performance and the needs of the emergency department at Mahaska Health coupled with MHP's contractual right to terminate the Agreement without cause upon 90 days' notice.

Plaintiff Cannot Establish Her Claim for Retaliation

18. "Under Iowa law, '[t]o prevail on a statutory retaliation claim, the plaintiff must show (1) that he or she engaged in statutorily protected activities; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events.' " *Selden v. Des Moines Area Cmty. Coll.*, 2 N.W.3d 437, 447 (Iowa 2024) (quoting *Godfrey*, 962 N.W.2d at 106–07).

19. Plaintiff cannot establish any of the *prima facie* elements of her retaliation claim

under ICRA.

**II.  Count II: Plaintiff's Claims of Discrimination and Retaliation Fail Under Title VII**

<u>Plaintiff Cannot Establish a Claim for Discrimination on the Basis of Sex</u>

20. The record is devoid of any direct evidence that shows Defendants decision not to renew Plaintiff's contract was because of her sex. Plaintiff has not, and cannot, tie the non-renewal of her contract to any negative animus related to her sex. The sole evidence Plaintiff presents to support her sex discrimination claim has been discussed *supra*, amounting to a paltry statistical disparity in contract renewals between her male and female colleagues in a five (5) physician department (within a hospital that employs hundreds of women and statistically more women than men).

21. Plaintiff's weak statistical "evidence" does not allow a factfinder to draw a legitimate inference of sex discrimination. *See Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 990 (8th Cir. 2011) (explaining that statistical evidence from a small sample size, such as six or ten individuals, does not support an inference of discriminatory intent); *see also Harper v. Trans World Airlines, Inc.,* 525 F.2d 409, 412 (8th Cir. 1975) (stating that "statistical evidence derived from an extremely small universe ... has little predictive value and must be disregarded"); *Tinker v. Sears, Roebuck, & Co.*, 127 F.3d 519 (6th Cir. 1997) (finding employee's statistical evidence insufficient because sample included only 13 employees); *Wheeler v. City of Columbus, Miss.*, 686 F.2d 1144, 1151 (5th Cir. 1982) ("[S]tatistical evidence of discrimination is often irrelevant or lacking in probative value when the sample group is small.").

<u>Plaintiff Cannot Establish a Claim for Discrimination on the Basis of Religion</u>

22. Plaintiff fails to present any evidence that would allow a finder of fact to draw any inference (legitimate or otherwise) of religious discrimination from the sole fact that she is an

5

atheist whose employment contract was not renewed.

23. Religious discrimination claims fail as a matter of law even in cases where the plaintiff's evidence was objectively stronger than the evidence that Plaintiff has presented. *See, Shirrell v. St. Francis Medical Center,* 793 F.3d 881, 888 (8th Cir. 2015) (finding the circumstances surrounding the plaintiff's termination by defendant hospital did not give rise to an inference of religious discrimination where the basis of plaintiff's claim was "one overhead, offhand remark not directed at [plaintiff]," and noting that the plaintiff "identifies no similarly situated co-workers who were not part of her protected class and who were treated any differently than she was," nor presents any evidence that "the ultimate decision maker in her discharge was biased against her.").

24. Plaintiff's claim also fails because the factual allegations upon which Plaintiff relies do not even plausibly state a claim for religious discrimination. *See Schmidt v. Blue Valley Community Action,* 8:23CV39, 2023 WL 5174177, *7 (D. Neb. Aug. 11, 2023) (concluding that plaintiff's complaint failed to state a Title VII religious discrimination claim upon which relief could be granted because plaintiff failed to "identify any similarly situated co-workers who were not part of his protected class who were treated differently than he was"); *Hudson v. Square, Inc.,* No. 4:20-CV-1294 RLW, 2021 WL 3404025, *2 (E.D. Mo. Aug. 4, 2021) (granting defendant's motion to dismiss where complaint failed to allege "any facts that give rise to an inference of [religious] discrimination," because plaintiff "merely state[d] that he published a religious post on Facebook and that Defendant terminated him shortly thereafter," but did not claim that "Defendant treated non-Muslim employees differently or that Defendant was aware of his religious beliefs in the first place.").

<u>Defendants had Legitimate Bases for Not Renewing Plaintiff's Contract</u>

25. Plaintiff presents no evidence whatsoever that Defendants' legitimate reason for not renewing her contract was a pretext for discrimination. *See Tusing v. Des Moines Independent Community School Dist.*, 639 F.3d 507, 514 (8th Cir. 2011).

26. The non-renewal of Plaintiff's contract was a business decision made by MHP on the basis of Plaintiff's performance and conduct in the emergency department, as well as the department's current needs, within the contractual right of the parties. SOF ¶ 7, 16-21. Courts have been reluctant to overturn business judgment decisions through their interpretation of pretext in discrimination claims. "Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions." *Banford v. Board of Regents of University of Minnesota*, 43 F.4th 896, 900 (8th Cir. 2022) (quoting *Canning v. Creighton Univ.*, 995 F.3d 603, 612 (8th Cir. 2021)). For example, in *Haigh*, 632 F.3d 464, the Eighth Circuit Court of Appeals was presented with an age discrimination claim. The plaintiff alleged that his employer's assertion he failed to meet expectations was pretext to discrimination. *Id.* at 470. In rejecting the plaintiff's claim, the court reasoned that it "may not second-guess an employer's personnel decisions, and we emphasize that employers are free to make their own business decisions, even inefficient ones, so long as they do not discriminate unlawfully." *Id.* (quoting *Hanebrink v. Brown Shoe Co.*, 110 F.3d 644, 646 (8th Cir. 1997)).

<u>Plaintiff Cannot Establish Her Claim for Retaliation</u>

27. Plaintiff's retaliation claim fails as a matter of law because she cannot establish that she engaged in a protected activity, that she suffered an adverse employment action, or that there is a causal connection between the two.

28. Plaintiff cannot establish that she engaged in a protected activity by "seeking legal

7

advice and contacting the Iowa Freedom of Information Council to obtain the minutes from the Board of Trustees meeting" after she was informed about the non-renewal of her contract. For the same reasons stated in § II.B.c.i *supra*, this conduct does not constitute engagement in a protected activity. *See Walker v. Northview Village Nursing Center*, No. 4:14CV2094HEA, 2017 WL 528317, *7 (E.D. Mo. Feb. 9, 2017) ("Plaintiff cannot establish he engaged in protected activity simply by submitting that he made a vague, unsupported Complaint of discrimination after he was told he was being discharged.").

29. Plaintiff alleges two adverse employment actions as the basis for her retaliation claim: (1) her paid suspension from work, and (2) alleged negative comments about Plaintiff made to prospective employers.

30. Under Federal Law, and for reasons discussed *infra*, Plaintiff's suspension *with pay* does not constitute an adverse employment action. *See Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1007–08 (8th Cir. 2012) (finding suspension of an employee with pay while employer investigated employee's absence from work was not an adverse employment action); *see also Singletary v. Missouri Dept. of Corr.*, 423 F.3d 886, 891–892 (8th Cir. 2005) (affirming summary judgment dismissal of plaintiff's retaliation claim, holding that plaintiff did not suffer adverse employment action when he was placed on paid administrative leave); *Garang v. Smithfield Farmland Corp.*, 439 F. Supp. 3d 1073, 1093 (N.D. Iowa 2020) (reviewing caselaw and concluding that "a short suspension, without any other aspect of employment being affected, does not appear to threaten the type of significant employment-related harm that is needed for an adverse employment action. On the other hand, a suspension without pay effectively decreases an employee's pay, which looks similar to other adverse employment actions." (internal citation omitted)); *Ollberding v. Goodwill Industries, Inc.*, No. 8:19CV400, 2022 WL 1734469, *7 (D.

Neb. Feb. 22, 2022) (finding the plaintiff's paid suspension from work did not constitute materially adverse employment action under Title VII).

31. Similarly, Plaintiff's claim that Defendants made negative comments about her also does not constitute an adverse employment action. Plaintiff cannot establish any comment that was made to any prospective employer nor tie any such negative comment to Defendants. SOF ¶¶ 50-51.

32. Even if she could, such conduct would require a showing of false information that was material to the employer's employment decision to constitute an adverse action for the purposes of a retaliation claim. *See Attaie v. Telex Commc'ns*, No. 4:10CV3238, 2011 WL 843973, at *2 (D. Neb. Mar. 9, 2011) (stating that establishing retaliation claim based on a negative employment reference requires showing that false information was disseminated to prospective employer and the false information was material to prospective employer's hiring decision); see also *NGrime v. Papillion Manor, Inc.*, No. 8:08CV23, 2009 WL 382757, at *7 (D. Neb. Feb. 12, 2009) (concluding that plaintiff failed to show a "bad report" was given to prospective employers); *Griffin v. Webb*, 653 F. Supp. 2d 925, 936 (E.D. Ark. 2009) (finding plaintiff could not prove adverse employment action against her because she admitted the defendant only provided date of hire and job title to prospective employers).

33. Plaintiff's evidence falls far short of what is required to survive summary judgment. *See Wilson v. Arkansas Dept. of Human Services*, 850 F.3d 368, 373 (8th Cir. 2017) ("Even at summary judgment, "[a] plaintiff can establish a causal connection between his complaints and an adverse action through circumstantial evidence, such as the timing of the two events." (quoting *Turner v. Gonzales*, 421 F.3d 688, 696–97 (8th Cir. 2005))).

34. Even the factual allegations in Plaintiff's Complaint, taken as truth, would not provide evidence sufficient for generating a genuine issue for trial because they do not even establish "temporal proximity" between the suspension and her protected activity in this context.

35. As a result, Plaintiff cannot establish a causal connection giving rise to an inference of a retaliatory motive from the evidence in the record, which is necessary to survive even at the motion to dismiss stage.

## CONCLUSION

36. Summary judgment is designed "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-24.

37. For all the reasons outlined herein and in greater detail in Defendants' Brief, Plaintiff cannot generate a genuine issue of material fact that her contract was not renewed because Defendants discriminated against her on the basis of her sex nor her religion, nor that they engaged in any retaliatory activity on the basis of her sex. Plaintiff's claims must fail as a matter of law.

38. In accordance with Fed. R. Civ. P. 56 and Local Rule 56, Defendants file herewith a brief, statement of material facts, and appendix of documents supporting this motion.

**WHEREFORE**, Defendants respectfully request that the Court enter an order granting summary judgment in favor of Defendants on all of Plaintiff's claims and for any other or further relief as the Court deems just and proper.

*/s/ Wallace*
_____
Stacie M. Codr, AT0001502
Abigail L. Wallace, AT0012801
FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
Telephone: (515) 288-0145
Fax: (515) 288-2724

scodr@finleylaw.com  
awallace@finleylaw.com  
cc: fdavis@finleylaw.com  
**ATTORNEYS FOR DEFENDANTS**  
**MAHASKA HEALTH PARTNERSHIP AND**  
**KEVIN DERONDE**

Original filed.

Copy to:

Roxanne Conlin  
Devin Kelly  
ROXANNE CONLIN & ASSOCIATES, P.C.  
3721 SW 61st Street, Suite C  
Des Moines, IA 50321-2418  
Phone: (515) 283-1111  
Fax: (515) 282-0477  
roxanne@roxanneconlinlaw.com  
dkelly@roxanneconlinlaw.com  
cc: dpalmer@roxanneconlinlaw.com  
**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF FILING AND SERVICE**

      I hereby certify that on January 31, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF electronic system, which will send notification of such filing to all attorneys and partis of record.

*/s/ Abigail Wallace*